UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALLEN WILLIAMS,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-914-JTM-JEM

ARNOLD,

    Defendant.

## OPINION and ORDER

Allen Williams, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Williams alleges, on September 12, 2024, Sergeant Arnold punched him in the face, causing serious injury. Williams requested medical attention, and Sergeant Arnold declined to assist him personally or by obtaining the assistance of others. On September 16, 2024, Sergeant Arnold punched Williams in the face again for reporting the prior assault, causing serious injury. Williams requested medical attention, and Sergeant Arnold declined to assist him again.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* To establish an Eighth Amendment claim for deliberate indifference to serious medical needs, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Based on these allegations, Williams adequately states claim against Sergeant Arnold for excessive force and deliberate indifference to serious medical needs.

Williams also appears to assert a First Amendment retaliation claim against Sergeant Arnold for the alleged misconduct on September 16, 2024. However, such a retaliation claim would be redundant with the Eighth Amendment claims based on the same allegations described above, so Williams may not proceed on this claim. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional

2

labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (Analyzing allegations under the most "explicit source[s] of constitutional protection.").

As a final matter, the court notes the representations in the complaint that Williams is blind and that another inmate prepared the complaint on his behalf. Based on these representations, the court invites Williams to file a motion for recruitment of counsel with medical evidence confirming that he is blind.

For these reasons, the court:

(1) **GRANTS** Allen Williams leave to proceed against Sergeant Arnold in his individual capacity for compensatory and punitive damages for using excessive force against him on September 12, 2024, and on September 16, 2024, in violation of the Eighth Amendment;

(2) **GRANTS** Allen Williams leave to proceed against Sergeant Arnold in his individual capacity for compensatory and punitive damages for acting with deliberate indifference to his serious medical needs on September 12, 2024, and on September 16, 2024, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Arnold at the Indiana Department of Correction, with a copy of this order and the complaint (DE # 1);

(5) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Sergeant Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) **ORDERS** Allen Williams to file a motion for recruitment of counsel as detailed in this Order by January 10, 2025, if counsel is desired.

**SO ORDERED.**

Date: December 2, 2024

                                                    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT