UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLEN WILLIAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 3:24-CV-914-JTM-JEM |
| | ) |
| RICHARD ARNOLD,<br>    Defendant. | )<br>) |

# ORDER

Allen Williams, a prisoner without a lawyer, initiated this case by filing a complaint in which he asserted an excessive force claim and further alleged that he was blind. ECF 1. On December 2, 2024, Williams was granted leave to proceed on his excessive force claim and ordered Williams to file a motion for counsel by January 10, 2025, and to include medical evidence verifying his blindness if he desired counsel. ECF 4.

On February 6, 2025, Williams filed a motion for counsel and a letter asking for more time to obtain verifying medical evidence. ECF 11, ECF 12. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the Court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

The Court is primarily concerned with Williams' alleged blindness. The sole claim of

1

excessive force is not particularly complex, and the Court has no basis to question Williams' competence to litigate it except for the alleged blindness. The Court agrees that, if Williams is blind to the point that he cannot prepare motions or review court orders, he is not competent to litigate the claim himself. However, Williams has offered no evidence to corroborate his blindness, and the Court seeks verifying medical evidence to ensure that it properly utilizes the limited resource of recruited counsel. Additionally, Williams does not suggest that such evidence is unavailable but that he simply needs more time to obtain it. Therefore, the motion for counsel is denied at this time, though Williams may refile once he obtains such evidence.

The screening order set a deadline for Williams to file a motion for counsel. The purpose of this deadline was to encourage Williams, who had asserted a compelling basis for counsel, to lodge any requests for counsel promptly and appropriately in a separate motion. Extension of this deadline is unnecessary as the Court will consider nonfrivolous motions for counsel at any time before this case is closed.

For these reasons, the Court:

1) **DENIES without prejudice and with leave to refile** the motion for counsel ECF 11; and
2) **DENIES as unnecessary** the request for an extension of time ECF 12.

SO ORDERED this 11th day of February, 2025.

                                                          s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff *pro se*