# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ALLEN WILLIAMS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 3:24-CV-914-JTMJEM |
| | ) |
| ARNOLD, | ) |
|     Defendant. | ) |

**STATUS REPORT ORDER**

Under Federal Rule of Civil Procedure 26(f)(1) and 26(a)(1)(B)(iv), this case is exempt from exchanging initial disclosures and from filing a Report of the Parties' Planning Meeting. Nevertheless, under Federal Rule of Civil Procedure 16(b)(1) and Northern District of Indiana Local Rule 16-1(c), the Court must issue a scheduling order. Therefore, under Northern District of Indiana Local Rule 16-1(b), defense counsel and the unrepresented plaintiff must separately prepare and file brief status reports (not exceeding three pages unless greater length is unavoidable) which address:

    1. what deadline should be set for joining parties and amending the pleadings;

    2. what discovery is planned;

    3. what deadline should be set for completing discovery; and

    4. what deadline should be set for filing dispositive motions.

However, before issuing a scheduling order, the Court must promptly address the affirmative defense [DE 29, 31] that the plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The Seventh Circuit has explained "that exhaustion is…a preliminary issue for the court." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Therefore, the Court will set a deadline to file a summary judgment motion addressing the exhaustion of administrative

1

remedies. After resolving the question of exhaustion of administrative remedies, the Court will review the status reports and enter a scheduling order which may, under Federal Rule of Civil Procedure 16(b)(4), only be modified for good cause with leave of court.

For these reasons, the Court:

(1) **GRANTS** the defendants until **April 23, 2025**, to file one joint summary judgment motion based on the exhaustion of administrative remedies;

(2) **CAUTIONS** the defendants this affirmative defense will be forfeited if it is not waived or raised in a summary judgment motion by the deadline;

(3) **REMINDS** the defendant Local Rule 56-1(a)(4) requires a party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C; and

(4) **ORDERS** defense counsel and the unrepresented plaintiff to separately prepare and file brief status reports by **April 23, 2025**.

SO ORDERED this 6th day of March, 2025.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*