**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ALLEN WILLIAMS,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:24-CV-914-JTM-JEM |
| | ) | |
| ARNOLD,<br>Defendant. | ) | |

**PROTECTIVE ORDER**

This matter is before the Court on a Motion Requesting Approval and Entry of the Parties' Agreed Protective Order [DE 49], filed by Defendant on August 28, 2026. Defendant request that the Court enter an agreed protective order to govern discovery in this case. On review of the motion and noting the agreement of the parties, the Court **GRANTS** the Motion Requesting Approval and Entry of the Parties' Agreed Protective Order [DE 49] and **ORDERS**:

## I. Scope.

This Protective Order ("Order") shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action, but who are required to produce documents in response to a subpoena in connection with this Action, shall be entitled to invoke the provisions of this Order as if the non-party were a party to this Action.

## I. Protected Material.

Materials designated as Confidential or Attorneys' Eyes Only are collectively referred to herein as "Protected Material." The parties may not designate as Protected Material any material

which is available to the public.

**A. Attorneys' Eyes Only Information.**

The designation "Attorneys' Eyes Only" shall be limited to highly sensitive trade secrets, personal information regarding the individual defendant (such as his personnel file) or other Confidential Information, that, if improperly disclosed to another party in this litigation, could cause future business or financial harm, or individual harm to the Producing Party or individual harm to any current or former employee of the Producing Party. Because designation of information as "Attorneys' Eyes Only" is more restrictive on disclosure and may interfere with the discovery process, the designations should be used infrequently and minimally. The "Attorneys' Eyes Only" designation shall be limited to the following information:

1. Security-sensitive information ("Security Information"), referring to information that if released to the public or residents in custody of the Indiana Department of Correction may compromise the safety and security of a correctional facility, its residents, or employees.

2. Personally-identifiable information ("PII") including, but not limited to, any individual's social security number; date of birth; or other private information relating to an individual that may be subject to the provisions of Indiana Code § 5-14-3-4(b)(8), (23), 210 I.A.C. 1-6-2, or the Privacy Act, 5 U.S.C. § 552a, and would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.

3. Personnel file of the defendant, Richard Arnold, which is confidential and restricted by the Indiana Department of Correction and the State of

Indiana, nor is it to be shared with offenders or any member of the public, pursuant to Indiana Code §5-14-3-4(b)(8) and 210 I.A.C. 1-6-2.

## II. Designation of Protected Material.

A Producing Party shall designate as "Attorneys' Eyes Only" only information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Attorney's Eyes only is a certification by an attorney or a party appearing *pro se* that the document contains Protected Material as defined in this order. In addition, any party may move to modify or seek other relief from any of the terms of this Order if

it has first tried in writing and in good faith to resolve its needs or disputes with the other parties pursuant to the terms of this Order and Northern District of Indiana Local Rule 37-1.

## III. Protections Afforded Protected Material.

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed only to others entitled to have access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order.

### A. Attorneys' Eyes Only Information.

Materials designated "Attorneys' Eyes Only" shall not be given, shown, made available, or disclosed to anyone other than those listed below.

1. The counsel advising or representing any party or non-party witness in this litigation, including in-house counsel of the party who supervise or assist in this action, and their associated paralegals, legal assistants, and staff members working on the action, provided that, before any disclosure is made to a non-party witness and/or the non-party witness's counsel, the non-party witness and/or his or her counsel must execute Exhibit A;
2. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;
3. Those who counsel of record for all parties consent to in writing or on the record prior to the proposed disclosure;

4. By agreement of counsel of record for all parties, any party who is present at a deposition may view the document during that deposition, provided that, the party and/or his or her counsel executes Exhibit A;

5. The Court and Court personnel, and any court of competent appellate jurisdiction;

6. Employees of third-party vendors and/or contractors involved solely in one or more aspects of copying, converting, storing, or retrieving data, provided that, each respective vendor or contractor has a general confidentiality agreement in place with retaining counsel;

7. Independent consultants and/or experts, retained by the Parties to work on the action, provided that, before any disclosure is made, she/he must execute Exhibit A; and

8. Persons who are identified in the materials designated "Attorneys' Eyes Only" as having previously had access to or previously seen the materials.

**B. Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Protected

Material, even where the failure to so designate was inadvertent and where the material is subsequently designated as Protected Material.

**C. Filing of Protected Material.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with Local Rule 5-3.

## IV. Objections to Designations and Disclosure.

The designation of any material or document as "Attorneys' Eyes Only" is subject to challenge by any party. The following procedure shall apply to any challenge.

**A. Meet and Confer.**

A party challenging the designation of Protected Material must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**B. Judicial Intervention**

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any challenge

proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Material under the terms of this Order.

## V. Action by the Court

Applications to the Court for an order relating to materials or documents designated as Protected Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

## VI. Use of Protected Material.

### A. Purposes for Which Protected Material May Be Used.

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

### B. Use of Protected Materials in Pleadings or Other Submissions.

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with Local Rule 5-3 and the provision of Section IV(C) of this Order.

### C. Right to Public Challenge.

Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of

filing under seal. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

### D. Use of Protected Material at Trial or Hearings.

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that the use is made only in accordance with appropriate procedures as may be approved by the Court. The parties shall confer to reach agreement regarding the procedures to be recommended to the Court.

## VII. Use by Persons Producing the Protected Material.

Nothing in this Order is intended to limit the rights of any party from which Protected Material has originated to use its own Protected Material in any way the party sees fit.

## VIII. Previously Produced Information.

A Producing Party shall have 20 days from the entry on this Order to designate any information previously produced in this litigation as Attorneys' Eyes Only. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and the information shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Section VIII.

## IX. Obligations on Conclusion of Litigation.

### A. Order Continues in Force.

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**B. Obligations at Conclusion of Litigation.**

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Protected Material and documents marked "ATTORNEYS' EYES ONLY" under this Order shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**C. Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Information, (2) one complete set of all documents filed with the Court including those filed under seal, (3) one complete set of transcripts and exhibits from all depositions completed in the course of this litigation; and (4) one complete copy of all exhibits used at any hearing and/or trial in this matter. Any retained Protected Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

**X. No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Material by counsel or the

parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise the Court rules on a specific document or issue.

**XI. Modifications.**

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, the modification, extension, or limitation.

**XII. Nature of Order and Jurisdiction.**

This Order shall, absent written consent of the parties, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

SO ORDERED this 28th day of August, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ALLEN WILLIAMS,<br>Plaintiff,<br><br>v.<br><br>ARNOLD,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:24-CV-914-JTM-JEM |

**CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by ITS terms.

I will hold in confidence and not disclose to anyone not authorized under the Protective Order any Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties.

At the conclusion of this case, I will return all Protected Materials which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided the Protected Material to me. As an alternative to returning Protected Material, I will destroy all Material and certify that all Material has been destroyed.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case. I understand that violation of the Protective Order may be punishable by contempt of Court.

DATED:________________________

_______________________________________
Signature

_______________________________________
Printed Name

_______________________________________
Address

_______________________________________
City, State, Zip Code